CROCKET *versus* TROTTER & McGONEGAL

Where a note, executed by a party, and payable in cash notes, is taken up by the substitution of notes on other persons, which are endorsed; the first contract remains uncancelled, unless an express agreement exists to substitute the liability of the endorsement.

This was an action of assumpsit, and was brought to recover the amount of a note of hand, executed by the defendants in error to the plaintiff. The note had been taken up by the substitution of notes on other persons, which the defendants had indorsed. On the trial below, it was insisted, that the first note became cancelled by the acceptance of the notes, given over in payment of it; and on this question, the Court charged the jury, that unless there was an express agreement to the contrary, the receipt of the indorsed notes operated as a discharge of the defendants obligation, and that the plaintiff's recourse was on the indorsement. To this charge there was exception taken, which brought the case to this Court.

*McKinley*, for Plaintiff.—*Ormond* and *Hopkins*, contra.

LIPSCOMB, C. J.—The plaintiff sold a stock of goods to the defendants, and received from them their three notes of hand—the first, for eight hundred and ninety one dollars and twenty-eight cents, payable in cash, on the first day of January, one thousand eight hundred and twenty-one: the second, for the same amount, due at the same time, payable in cash notes, on solvent men in Giles, Tennessee: the third note

was for three thousand five hundred and sixty five dollars and fourteen cents, due on the first day of January, one thousand eight hundred and twenty-two, payable in cash notes, on solvent men in Lawrence county, Alabama.

The two first notes were paid ; when the last fell due, the defendants tranferred by endorsement, notes to the plaintiff, to the amount of their note, which was given up to them. The plaintiff brought suit for the non-payment of this last note, avering that the defendants had not paid him the amount thereof in cash notes on solvent men in Lawrence county.

There was proof on trial, that the makers of some of the notes were not solvent. There was no proof of any notice of non-payment to the endorsers. The Judge charged the jury, that if they believed the defendant endorsed the notes to the plaintiffs, and received from him their note, payable in cash notes on solvent men in Lawrence county, that it operated as a discharge of said note, and that the defendants were only liable as endorsers of the notes so received by the plaintiff, *unless* there was an *express* contract proved, that it should not operate as a discharge of the note for the payment of cash notes on solvent men, in Lawrence county. To this charge the plaintiff excepted, and now assigns it for error.

From the view of the case, taken by the Court, it will not be necessary to examine very closely the authorities referred to in the argument.

We believe that it mainly depends on the intention of the parties at the time the payment and endorsement of those notes occurred. If it was intended that the old note or agreement, for the payment of cash notes on solvent men, should be cancelled, and

that the liability of the defendants, as endorsers, should be substituted in lieu of that agreement, then it is clear that the plaintiff would be compelled to resort to the endorsers, in their character as such, on the failure of payment by the makers.   But the mere fact that he received the notes indorsed from the defendants, and surrendered to them their own note, would not, of itself, necessarily imply that the relations of endorser and endorsee attached to the parties, and the legal inference to be drawn, under the circumstances of the case, would be, that the notes had been endorsed, not in pursuance of a new contract, but in conformity with the old one.   If so, and the notes, or any part of them, were unproductive, after due diligence on the part of the plaintiff, the original agreement would be, *pro tanto,* unsatisfied.   The defendants could not compel the plaintiff to relinquish his security, under the agreement that he would be paid in cash notes on solvent men, in which he should be comparatively passive, and throw on him the active diligence of an endorsee, bound to use the strictest attention to fix the liability of the endorser.   Had the plaintiff sued the defendants on their endorsement, we believe that they might well have defended themselves on the grounds that they had not assumed the responsibility of endorsers, and were not liable until the insolvency of the maker should be made to appear.   In making this defence, the original contract would sufficiently explain the object of the endorsement, without violating the rule of evidence laid down in *Sommerville* vs. *Stephens, et al.*—that the endorsement could not be explained by parol.   In almost all the cases referred to, bills or notes had been received in payment or discharge of a direct promise to pay

money, and the doctrine of those cases is, that the intention of the parties to the transaction, must govern it.

It seems to the Court, that the converse of the proposition assumed by the Judge, in his charge, is the true one ; and that unless there was an express agreement that the liability on the endorsement, should be substituted, that the first agreement remained uncancelled, and unpaid, by the endorsement.

The judgment must therefore be reversed, and the cause remanded.

SAFFOLD, J. not sitting.